UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 3:21-CR-0259-B-1 |
| § | |
| IVAN AGUIRRE, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ivan Aguirre's Motion for Compassionate Release (Doc. 41). Because Aguirre has not shown an "extraordinary and compelling" reason, and the 18 U.S.C. § 3553 factors weigh against a sentence modification, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

After Aguirre pleaded guilty to a conspiracy to commit wire fraud, the Court sentenced him to forty-one months of imprisonment and three years of supervised release on March 31, 2022. Doc. 29, J., 1–3. Aguirre was also ordered to pay $6,125,737.98 in restitution to the victims. *Id.* at 6. Aguirre, who is now fifty-five years old, is serving his sentence at Seagoville Federal Correctional Institution ("Seagoville FCI"). His scheduled release date is April 29, 2025.[1] Aguirre has filed a Motion for Compassionate Release with the Court, contending that his health conditions, in

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited Apr. 5, 2023).

-1-

combination with the risks posed by COVID-19, constitute an "extraordinary and compelling reason" justifying his placement in home confinement under 18 U.S.C. § 3582(c)(1)(A)(I). Doc. 41, Mot., 3, 7.

In particular, Aguirre has "severe" hypertension and has suffered in recent months from "acute asthma and shortness of breath" that caused him to have trouble breathing. *Id.* at 7. Aguirre contends that these health conditions have been identified by the Center for Disease Control and Prevention ("CDC") as increasing his risk of severe illness from COVID-19. *See id.* Thus, because of the congregate living and his inability to social distance in prison, Aguirre argues compassionate release to home confinement is warranted. *Id.* at 3, 7.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (internal citation omitted) (quoting § 3582(c)(1)(A)(i)).

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1. The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that Section 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding Section 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

Regarding medical conditions, the U.S.S.G. commentary directs courts to consider whether the defendant is suffering from a terminal illness or a serious condition that "substantially diminishes the ability of the defendant to provide self-care . . . and from which he or she is not expected to

recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)–(ii).

## III.

## ANALYSIS

A.  *Aguirre Has Satisfied the Exhaustion Requirement*

As a threshold matter, the Court finds Aguirre has adequately satisfied the administrative-exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

In his Motion, Aguirre attaches an email he sent to the prison warden on January 28, 2023, that requests transfer to home confinement "under the auspices of Compassionate Release." Doc. 41, Mot., 16. Over thirty days have passed since Aguirre sent the email, and Aguirre at least suggests that he never received a response. *See* Doc. 41, Mot., 3 (stating Aguirre met the administrative exhaustion requirement by notifying the warden and "awaiting the required Thirty (30) days for response"). Accordingly, the Court finds that Aguirre has adequately satisfied the exhaustion requirement and may properly bring this Motion.

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020) (Boyle, J). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

B.      *Aguirre Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

However, Aguirre has failed to show an extraordinary and compelling reason for his release. Aguirre argues that his "hypertension" and "acute asthma," in combination with the risks posed by COVID-19, meet the standard for extraordinary and compelling given the CDC's guidelines regarding individuals considered high-risk for COVID-19. *Id.* at 7.

The problem, however, is Aguirre has not provided any actual evidence of his medical conditions. The exhibit he includes in the Motion only contains the front page of "Addendum 'C' Medical Records and Health Diagnosis" but has no actual medical information attached. *See id.* at 21–22. "In the absence of proof of the diagnosis and its degree of severity," the Court cannot conclude that Aguirre's medical conditions qualify as extraordinary or compelling. *See United States v. Milson*, 2022 WL 5028372, at *4 (W.D. La. Oct. 3, 2022).

Moreover, even if the Court were to take Aguirre at his word regarding his diagnoses, preexisting medical conditions that place a defendant at an increased risk of COVID-19 are not themselves sufficient to establish an extraordinary and compelling reason for sentence modification. *E.g.*, *United States v. Davison*, 2020 WL 6276171, at *2 (S.D. Miss. Oct. 26, 2020). Indeed, the prevalence of many of these conditions suggests they are anything but "extraordinary." *See United States v. Thompson*, 984 F.3d 431, 434 (5th Cir. 2021) (holding that because "nearly half of the adult population in the United States suffers from hypertension," even when combined with the risk of COVID-19, the court cannot deem that condition "extraordinary"); *Milson*, 2022 WL 5028372, at *4 (noting that the mere existence of asthma, without more, does not suggest that the increased risk from COVID-19 is substantially limiting or terminal).

Similarly, the threat of COVID-19 has diminished. Current statistics from Seagoville FCI

indicate a large number of prisoners are vaccinated, and there are no active cases pending among prisoners or staff.[3] These low rates of infection further undermine Aguirre's claims regarding potential risk.

C.      *The 18 U.S.C. § 3553(a) Factors Do Not Support Release*

Finally, 18 U.S.C. § 3582(c)(1)(A) also directs the Court to consider the sentencing factors enumerated in § 3553(a). The Court briefly notes that, in addition to a lack of an extraordinary and compelling reason for modification, § 3553(a) also weighs against granting Aguirre's request for home confinement. Section 3553 requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A).

Aguirre was sentenced one year ago; he has therefore served less than one third of his total sentence. *See* Doc. 29, J., 2 (sentencing Aguirre to forty-one months in FCI Seagoville on March 31, 2022). Moreover, Aguirre owes more than $6 million in restitution to over 150 victims, but his Motion does not indicate a single dollar has been paid back. Instead, Aguirre assures the Court that "[h]is financial stability shall relieve him from any obligatory employment, however, he shall be active and engaged in volunteer work within his local community." Doc. 41, Mot., 6.  In light of these circumstances, the Court finds that placing Aguirre in home confinement would not adequately "reflect the seriousness of the offense," "promote respect for the law," or "provide just punishment for the offense." *See* 18 U.S.C. § 3553(a)(2)(A).

---

[3] *See COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html (last visited Apr. 5, 2023).

## IV.

## CONCLUSION

In sum, the Court finds that Aguirre has not demonstrated an extraordinary and compelling reason for compassionate release and, in any event, the § 3553 factors weigh against a modification. Accordingly, the Court **DENIES** Aguirre's Motion (Doc. 41) **WITHOUT PREJUDICE**.

By denying Aguirre's Motion without prejudice, the Court permits Aguirre to file a subsequent motion for compassionate release in the event he can both (1) satisfy the exhaustion requirement and (2) provide information supporting a finding of extraordinary and compelling reasons for release beyond those asserted in this Motion.

**SO ORDERED.**

**SIGNED: April 7, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE